

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. M. Whiteacre
County Auditor
Grayson County
Sherman, Texas

*see chap. 501*
*acts 59th Leg. R.S. 1965*
*(ut IT/6A/VC.S/)*

Dear Sir:

Opinion No. 0-2303
Re: Qualifications of school
trustees for common school
districts.

We are in receipt of your letter of April 27, 1940,
in which you submit the following question to this department
for an opinion:

"Would a trustee in a Common School Dis-
trict, elected in 1939, and which said trustee
at the time of said election held a poll tax
and who is now serving his second year as trus-
tee of said Common School District, but who
failed to pay his poll tax in 1939, be legally
entitled to hold such office?"

Article 2745, Revised Civil Statutes, 1925, as a-
mended, provides that:

"No person shall be trustee who cannot
read and write the English language intelli-
gibly, and who has not been a resident of
such district for six months prior to his
election. Providing no person shall be qual-
ified as trustee unless he is a property tax-
payer in the district to which he is elected
and otherwise a qualified voter in said dis-
trict."

In our Opinion No. O-425, we ruled that it was
necessary for a person to hold a poll tax receipt in order
to qualify as a school trustee of a common school district.
This opinion is supported by numerous prior decisions by
this department.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. B. M. Whiteacre, Page 2

This department ruled in an opinion addressed to Honorable Jim H. Dyer, dated April 20, 1935, Letter Book, Volume 363, page 590, that the failure to obtain a poll tax receipt for subsequent years would not disqualify a trustee who was duly qualified when elected to the office of common school trustee. In that opinion it was stated:

"A poll tax is essential before one is qualified to hold this position. However, it appears that Miss Terrell at the time of her election and at the time of qualification was qualified in this respect, and we are of the opinion that her failing to obtain a poll tax for the year 1935 is immaterial, and that she is still a duly qualified and acting trustee insofar as the poll tax phase is concerned. The reason for this rule is apparent. If such were not the case, there would be a constant disorder on the various boards by one inadvertently failing to obtain a poll tax."

A similar ruling was made in an opinion to Honorable Wordlow Lane, dated April 18, 1935, Volume 363, page 323.

We have considered the controlling statutes and the former opinions by this department, and are of the opinion that a school trustee in a common school district, elected in 1939 and who met all of the requirements prescribed by Article 2745 at the time of his election and qualification as such trustee, would not be disqualified and subject to removal, by reason of his failure to pay his poll tax for subsequent years during his term of office.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By            Cecil C. Cammack
                         Cecil C. Cammack
                              Assistant

CCC/oe

APPROVED MAY 3, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN